UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

RICHARD W.,

                                        Plaintiff,

                    v.

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,

                                        Defendant.

_____

DECISION AND ORDER

21-CV-0174L

 

 

Plaintiff appeals from a denial of disability benefits by the Commissioner of Social Security ("the Commissioner"). This action is brought pursuant to 42 U.S.C. §405(g) to review the Commissioner's final determination.

On February 16, 2018, plaintiff, then forty-seven years old, filed an application for supplemental security income, alleging disability beginning August 31, 2016. (Administrative Transcript, Dkt. #6 at 15). His application was initially denied. Plaintiff requested a hearing, which was held January 21, 2020 via videoconference before Administrative Law Judge ("ALJ") William M. Manico. The ALJ issued an unfavorable decision on April 9, 2020. (Dkt. #6 at 15-31). That decision became the final decision of the Commissioner when the Appeals Council denied review on December 9, 2020. (Dkt. #6 at 1-3). Plaintiff now appeals.

The plaintiff has moved for remand of the matter for further proceedings (Dkt. #8), and the Commissioner has cross moved (Dkt. #9) for judgment on the pleadings, pursuant to Fed. R. Civ.

Proc. 12(c). For the reasons set forth below, the plaintiff's motion is denied, the Commissioner's cross motion is granted, and the decision appealed-from is affirmed.

**DISCUSSION**

Determination of whether a claimant is disabled within the meaning of the Social Security Act follows a well-known five-step sequential evaluation, familiarity with which is presumed. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986). *See* 20 CFR §§404.1509, 404.1520.

The Commissioner's decision that a plaintiff is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ applied the correct legal standards. *See* 42 U.S.C. §405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir. 2002).

The ALJ's decision summarizes plaintiff's medical records, which reflect diagnoses of, and treatment for, stimulant use disorder/substance abuse disorder in remission as of late, posttraumatic stress disorder, anxiety, and depression, which the ALJ found were severe impairments not meeting or equaling a listed impairment. The ALJ noted that plaintiff had received treatment for other impairments, including osteoarthritis in both hips with complaints of bilateral hip pain, but concluded that this was not a severe impairment because "progress notes indicate that the claimant's physical pain caused no l[i]mitations that would significantly restrict his ability to perform work activity." (Dkt. #6 at 17-18). Nonetheless, the ALJ indicated that he had "considered all of the claimant's medically determinable impairments, including those that are not severe, when assessing the claimant's residual functional capacity." (Dkt. #6 at 19).

The ALJ determined that plaintiff had the RFC to perform work at all exertional levels. He can understand, remember, and apply simple and complex directions and instructions, sustain concentration, and perform tasks at a consistent pace. He can sustain an ordinary routine and regular attendance at work, and maintain personal hygiene and appropriate attire. He is limited to

work involving no more than occasional, superficial, work-related interactions with coworkers and supervisors, and should not perform work that involves interacting with the public. The plaintiff should avoid work that involves concentrated exposure to hazards, and requires a regular work break every two hours. (Dkt. #6 at 21).

When presented with this RFC as a hypothetical at the hearing, vocational expert David Van Winkle testified that such an individual of plaintiff's age, educational background, and past relevant work with such an RFC could perform the representative light-exertion jobs of mail clerk, photocopy machine operator, and marker. (Dkt. #6 at 30). The ALJ accordingly found plaintiff not disabled.

## I.    The ALJ's Step Two Finding

Plaintiff argues that the ALJ erred in declining to find that his hip pain was a "severe" impairment at step two, and/or in failing to craft an RFC with appropriate limitations to accommodate it.

Notwithstanding the ordinary meaning of the word "severe," the second step's evidentiary requirement is *de minimis*, and is intended only to screen out the truly weakest of cases. *Dixon v. Shalala*, 54 F.3d 1019, 1030 (2d Cir. 1995). Thus, a step two finding of "not severe" is only appropriate where "the medical evidence establishes only a 'slight abnormality' which would have 'no more than a minimal effect'" on an individual's ability to perform basic work activities. *Rosario v. Apfel*, 1999 U.S. Dist. LEXIS 5621 at *14 (E.D.N.Y. 1999) (quoting *Bowen v. Yuckert*, 482 U.S. 137, 154 n.12 (1987)). "Basic work activities" are the "abilities and aptitudes necessary to do most jobs," and they include physical and postural functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, and handling, sensory functions, and mental functions. 20 C.F.R. §§ 404.1521(b), 416.921(b).

3

In assessing plaintiff's physical functionality, the ALJ found the opinion of state agency reviewer Dr. B. Stouter – the only medical opinion of record addressing plaintiff's exertional RFC – to be "persuasive." (Dkt. #6 at 28-29). Dr. Stouter reviewed the record, and determined that plaintiff's physical impairments were non-severe, and well-controlled with medication. (Dkt. #6 at 28-29, 67).

With respect to the ALJ's finding that plaintiff's hip arthritis was non-severe, plaintiff argues that the record contained multiple complaints of hip pain and x-rays showing arthritis in both hips, and that in any event, the ALJ "cannot have accounted for any limitations related to hip pain since he found [p]laintiff capable of the full range of exertional work." (Dkt. #8-1 at 7).

While plaintiff is correct that the record establishes arthritis of the hips with associated complaints of pain, it is well established that, "[t]he mere presence or diagnosis of a disease or impairment is not, by itself, sufficient to deem a condition severe." *Tanner v. Commissioner*, 2016 U.S. Dist. LEXIS 73931 at *11 (N.D.N.Y.), *report and recommendation adopted*, 2016 U.S. Dist. LEXIS 73820 (N.D.N.Y. 2016). *See also Prince v. Astrue*, 514 F. App'x 18, 20 (2d Cir. 2013). Ultimately, it is the plaintiff's burden to show at step two that he has a severe impairment or combination of impairments. *Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003). "A lack of supporting evidence on a matter for which the claimant bears the burden of proof, particularly when coupled with other inconsistent record evidence, can constitute substantial evidence supporting a denial of benefits." *Barry v. Colvin*, 606 Fed. App'x. 621, 622 (2d Cir. 2015) (citing *Talavera v. Astrue*, 697 F.3d 145, 153 (2d Cir. 2012)).

Here, the record simply does not support plaintiff's claim that there were impairments resulting from his hip pain that "ha[d] more than a minimal effect on his ability to work." SSR 85-28, 1985 SSR LEXIS 19 at *9. *See generally Zongos v. Colvin*, 2013 U.S. Dist. LEXIS 185542

at \*10-\*11 (N.D.N.Y. 2013) (even an ALJ's failure to apply the correct standard at Step 2 is harmless, where "[n]othing in the medical evidence supports a finding that [plaintiff's alleged impairment] cause[d] any functional limitation of ability to perform work-related activities").

As the ALJ noted, Dr. Stouter opined that plaintiff did not have any exertional limitations attributable to hip pain, and although plaintiff intermittently complained of hip pain during some treatment visits (for which anti-inflammatory medication, heat, and ice packs were recommended), objective examination findings were consistently normal (e.g., normal gait, full strength), and plaintiff indicated on some occasions that he was exercising regularly and even working out for up to an hour per day, and was able to go on walks, perform household chores, grocery shop, and attend all-day group therapy sessions without difficulty. (Dkt. #6 at 25-26, 397-98, 617, 807-08, 847, 867, 898, 920, 933; Dkt. #7 at 1002, 1004, 1006, 1008, 1028, 1151-52). Evidence submitted after Dr. Stouter's review, including an August 2018 MRI of plaintiff's hips which showed "mild" joint disease, did not suggest any specific physical limitations. In sum, the record did not convincingly indicate that plaintiff's hip pain resulted in functional or postural limitations that the ALJ overlooked, or otherwise rendered him unable to perform the light-exertion positions identified by the vocational expert.[1]

For the same reasons, the ALJ's implicit finding – that plaintiff's hip pain did not cause limitations that needed to be incorporated into his RFC determination – was not erroneous.

I have considered the remainder of plaintiff's arguments, and find them to be without merit.

---

[1] In fact, it is clear that even an individual with significant physical limitations could nonetheless perform the positions the vocational expert identified. The ALJ's initial question to the vocational expert at the hearing, that resulted in the three light positions upon which the ALJ ultimately relied in finding plaintiff "not disabled," described an RFC with a number of exertional and postural limitations: "the residual functional capacity to perform light work [but] may only occasionally climb ramps and stairs, balance, stoop, kneel, crouch or crawl [and] may never climb ladders, ropes, or scaffolds"). (Dkt. #6 at 56-58). Supplemental questioning confirmed that an individual who could perform work at all exertional levels, and with additional mental limitations – as the ALJ ultimately concluded in his RFC finding (Dkt. #6 at 21) – could also perform the same three jobs.

**CONCLUSION**

For the foregoing reasons, plaintiff's motion to vacate the ALJ's decision and remand the matter (Dkt. #8) is denied, and the Commissioner's cross motion for judgment on the pleadings (Dkt. #9) is granted. The ALJ's decision is affirmed in all respects, and the complaint is dismissed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       November 10, 2022.